McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA           2903-0
PAUL B.K. WONG              6014-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  Akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura; Keith Hirota and George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda, Conrad Murashige, Ronald Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, Paul Sasaki, Jay Kadowski, James Watanabe, Jon Tesoro, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Paul Silen, Shayne Chung, Lance Yoshimura, Christian Tackett and Roy Morioka; *Market Recovery Program by its trustees* | CIVIL NO. CV11-00016 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT TP BUILDERS, INC.<br><br>Hearing:<br>Date  : August 23, 2011<br>Time  : 2:00 p.m.<br>Judge: Barry M. Kurren<br><br>TRIAL DATE: None |

Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Willie Maglinti, Leonard Hoshijo, Lance Yoshimura, Peter Robb, Bill Wilson, Lance Inouye, Craig Fukuda, Darren Ho and Sean Newcamp; *Financial Security Fund by its trustees* Gordon L. Scruton, Lance Wilhelm, Conrad Murashige, Kenneth Sakurai, Loyce C. Morris, Ronald Taketa, Kenneth Spence, Michael Hawes, Kealii B. Flood, Malvin Ang, Lance Yoshimura, Alan Shintani, Gerry Majkut and Mark Luna; *Drywall Training Fund by its* trustees Glenn Young, Justin Kichi, Myles Hokama, Clyde Takatsuki, Karl Sinclair, Lito Alcantra, Denis Mactagone, William Maglinti, Jr., Raynard (Shayne) Chung, Reynaldo Tabura, Bert Beaman, Mike Goodnight; *401-K Fund by its trustees* Gordon Scruton, Conrad Murashige, Kenneth Sakurai, Lance Wilhelm, Loyce C. Morris, Malvin Ang, Ronald Taketa, Lance Yoshimura, Kenneth Spence, Michael Hawes, Kealii B. Flood, Alan Shintani, Gerry Majkut and Mark Luna

      Plaintiffs,

 vs.

TP BUILDERS, INC.; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100,

      Defendants.

# FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT TP BUILDERS, INC.

On January 7, 2011, Plaintiffs, Trustees of the Hawaii Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or "Trust Funds"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, filed this action for damages against Defendant TP Builders, Inc. (hereinafter "Defendant"), alleging that Defendant materially breached its collective bargaining and trust agreements (hereinafter referred to as the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFL-CIO (hereinafter referred as the "Union"). The Trust Funds claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contribution arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on January 13, 2011 as is evidenced by the Return of Service filed herein on January 19, 2011. The clerk entered default against Defendant on February 8, 2011.

On July 20, 2011, the Trust Funds filed a revised motion for default judgment against Defendant, seeking to recover a money judgment for contributions owed and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees. The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D).

The Trust Funds' Revised Motion for Default Judgment by Court came on for hearing on August 23, 2011 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Lorraine H. Akiba appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

# **FINDINGS**

Having reviewed the Trust Funds' Revised Motion for Default Judgment, the Declaration and Supplemental Declarations of Lorraine H. Akiba and Paul Marx, and the exhibits attached to the motion, on behalf of the Trust Funds, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Defendant is a Hawaii corporation doing business in the State of Hawaii.

3. On or about June 1, 2009, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective September 1, 2007 to and including August 31,

2012, and amended and effective to and including December 28, 1977 entitled "Certification of Receipt and Acceptance of the Master Agreement Covering Drywall & Acoustical Workers and Lathers and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

    4.  On or about June 1, 2009, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective September 1, 2007 to and including August 31, 2012, and amended and effective to and including December 28, 1977 entitled "Certification of Receipt and Acceptance of the Special Residential Agreement Covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "C" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

5. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

6. In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

7. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

8. In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

9. Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

10. Based on information obtained, there is now known to be due audit information for the period of January 2008 through September 2010 as follows:

    a. Payroll registers for the audit period
    b. Time cards and/or timesheets
    c. All State and Federal quarterly reports (941's, 940 & state unemployment)
    d. Individual earning records for all employees (W-2's & W-3's)
    e. All Forms 1099 & 1096 issued for the audit period
    f. Listings & classifications for all employees on the payroll
    g. All bank statements & canceled checks for all payroll and general ledger accounts maintained
    h. All check registers for all payroll and general ledger accounts maintained
    i. Union Dispatch records of all 40% apprentices for the audit period.
    j. 401(k) Fund: Contribution Worksheets completed by members
    k. General Excise/Use Tax returns.

11. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages.

12. Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds' court and audit costs and reasonable attorneys' fees.

254173. 1

8

13. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

14. The Trust Funds requested recovery from Defendant of the following amounts specified in the Complaint as follows: $25,000 for the minimum deposit for unpaid contributions to five of the employee trust funds, $340.00 in attorneys' fees and costs until the satisfaction of judgment and such further amount that may be proven at trial or hearing on proof, pursuant to the Master Agreement Covering Drywall, Acoustical Workers and Lathers in the State of Hawaii (Exhibit "5" to the Declaration of Paul Marx) ("Collective Bargaining Agreement") and the Special Residential Agreement (Exhibit "6" to the Declaration of Paul Marx). Both agreements were attached as Exhibits "A" – "D" to the Complaint but were also attested to specifically by Plaintiff in the Declaration of Paul Marx.

15. All three criteria from Fed. R. Civ. P. Rule 55(b)(1) are met. Computation of the amount due is certain. Section 12.8(f) of the Special Residential Agreement (Exhibit "6" to the Declaration of Paul Marx) allows the trustees of the various funds to demand the immediate posting of "a surety bond or cash-in-escrow in the amount equal to the last three months contributions or five thousand dollars, whichever is greater" if a contractor becomes delinquent to any

of the respective funds.[1] Five trust funds[2] are due payment by Defendant at Five Thousand and 00/100 dollars ($5,000.00) each.

16. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after September 2010.

17. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

---

[1] The full text of Section 12.8(f) of the Special Residential Agreement states: If the delinquent contributions, liquidated damages, interest, attorney's fees, and costs due to any respective Fund are not paid within thirty calendar days after the due date, the delinquent Contractor, to secure the payment of future contributions, may be required to post with the Trustees of each respective Fund within five working days thereafter and for a period of up to one year from the date of delinquency a surety bond or cash-in-escrow in an amount equal to the last three months contributions or five thousand dollars, whichever is greater.

[2] The five trust funds are as follows:
    1) Health and Welfare (Exhibit 6, Section 12.2)
    2) Vacation and Holiday Fund (Exhibit 6, Section 12.3)
    3) Hawaii Carpenters 401(k) Fund (Exhibit 6, Section 12.4)
    4) Hawaii Carpenters Financial Security Fund (Exhibit 6, Section 12.5)
    5) Hawaii Carpenters Retiree Medical Fund (Exhibit 6, Section 12.6)

18.  An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

19.  This Court reviewed the billing records of Plaintiffs' counsel and the declarations filed in support of Plaintiffs' motion. Upon said review, this Court finds the requested amount to be reasonable, necessarily incurred, and directly related to the services provided herein. The total attorneys' fees and costs that the Trust Funds has incurred in this lawsuit are $1,891.40.

20.  Plaintiffs' counsel's billing rate for this matter was $170.00 per hour until March 2011 when the rate was changed to $195.00 per hour pursuant to an annual rate adjustment. The normal billing rate for said counsel is $375.00 per hour. The rate for Trust Fund's matters is a reduced collection litigation rate. The fees attributed to each timekeeper were based on experience, background, and expertise in the practice of law in Honolulu. The hourly rates are reasonable and are the prevailing market rate for professionals of similar experience and background.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment enter in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of the minimum

amount of $25,000.00 due as deposits for contributions owed pursuant to the CBA for each employee pending completion of the required audits by the Trust Funds together with liquidated damages at the rate of twenty (20%) percent on unpaid contributions, plus interest at the rate of twelve (12%) percent until satisfaction of judgment, and attorneys' fees and costs in the amount $1,891.40, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after September 2010.

Defendant will also be required to submit the following audit information to Plaintiff for the period of January 2008 through present:

   a. Payroll registers for the audit period
   b. Time cards and/or timesheets
   c. All State and Federal quarterly reports (941's, 940 & state unemployment)
   d. Individual earning records for all employees (W-2's & W-3's)
   e. All Forms 1099 & 1096 issued for the audit period
   f. Listings & classifications for all employees on the payroll
   g. All bank statements & canceled checks for all payroll and general ledger accounts maintained
   h. All check registers for all payroll and general ledger accounts maintained
   i. Union Dispatch records of all 40% apprentices for the audit period.
   j. 401(k) Fund: Contribution Worksheets completed by members
   k. General Excise/Use Tax returns.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 9, 2011.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---------------------------------------------------------------------------------------------------
*Hawaii Carpenters Trust Funds vs. TP Builders, Inc.,* Civil No. 11-00016 ACK-BMK; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT TP BUILDERS, INC.